IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States Courts
Southern District of Texas
F I L E D

JUN 0 6 2025

Nathan Ochsner, Clerk of Court

Adam Schoene,

Plaintiff,

v.

Rice University,

Defendant.

Civil Action No. _____

Jury Trial Demanded

## COMPLAINT

Plaintiff Adam Schoene brings this action against Rice University for employment discrimination, retaliation, and wrongful termination in violation of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), and related state and institutional laws and policies, as well as for breach of contract. Plaintiff alleges discrimination based on sexual orientation and disability, constructive discharge if not wrongful termination, resulting in significant professional, personal, and financial harm.

Plaintiff has exhausted all administrative remedies and satisfied conditions precedent to the bringing of this action under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act.

Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of disability and sexual orientation, and a related wrongful termination. The EEOC issued a Notice of Right to Sue


(Exhibit A)

dated March 11, 2025. This action is being filed within 90 days of Plaintiff's receipt of that notice, in accordance with 42 U.S.C. § 2000e-5(f)(1).

A true and correct copy of the EEOC's Notice of Right to Sue is attached hereto as **Exhibit A**.

### Jurisdiction and Venue
This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 12117(a), and 42 U.S.C. § 2000e-5(f)(3). Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in the Southern District of Texas, and Defendant is located within this District.

### Parties
Plaintiff Adam Schoene was employed by Rice University as an Assistant Professor. His employment was based in Houston, Texas.

Defendant Rice University is a private institution of higher education with its principal place of business in Houston, Texas.

### Factual Allegations
After Plaintiff disclosed in Rice University hiring process his same-sex partner's identity to Dean of Humanities Kathleen Canning, Canning denied plaintiff equal opportunity, rejecting his standard request for a partner hire and other professional benefits, such as a delayed start date and use of granted course release, despite frequently approving and in this case approving such requests for heterosexual faculty of similar or less experience. Furthermore, in addition to infringing upon Plaintiff's academic freedom and rights by mandating that it was forbidden for Plaintiff to pursue academic study in his own personal time beyond Rice during summer months while off contract in nine-month faculty contract, as well as denying standard request to apply course release while granting same request to Assistant Professor Linsey Sainte-Claire, hired at the same moment, rank, and position, Canning denied Plaintiff equal opportunity of the chance to merely even discuss a partner hire (that she first noted was a possibility) after Plaintiff disclosed it was for a same-sex partner, as written evidence illustrates. Canning's disturbing and highly unusual evasion of the standard question of a partner hire after first acknowledging receiving it and her closure of any discussion after Plaintiff effectively and respectfully fully conceded on his other standard inquiry represent a discriminatory attempt at the erasure of the existence of his partner, as a response ungrounded in discrimination would be to note that such a hire would not be possible.

These denials are inconsistent not only with institutional practices but also with the established norms of the academic field. Moreover, the unusual and seemingly unrelated issue Canning cited to deflect the question of a partner hire appears to have been used as a pretext to mask discrimination based on sexual orientation. The timing, immediately after the disclosure, further supports an inference of discriminatory intent in the hiring process.

(Exhibit B) Following this act of hiring discrimination, Rice later falsely deemed Plaintiff's position as voluntarily resigned despite Plaintiff never submitting any written resignation directly to the Provost as required under Rice Policy 201, IV 5.c.—explicitly referenced in Plaintiff's offer letter and displayed on the Rice University website. This misclassification violated both Rice institutional policy and Plaintiff's rights under both the ADA and Title VII. The relevant Rice University Policy 201, IV, 5.c. is available publicly through the following link: https://policy.rice.edu/201#process-for-reappointments-and-terminations

(Exhibit C) Plaintiff also provided Rice with medical documentation indicating a potential diagnosis of Parkinson's Disease, recognized as a disability under the ADA. Plaintiff was struggling with hiring discrimination that would unjustly separate him from partner while navigating this potential illness for the long term, and thus even though he never submitted a notice of resignation to the Provost as required under Rice Policy 201, IV, 5.c., if it is deemed that Plaintiff resigned, this resignation would meet EEOC requirements for constructive discharge due to discrimination by Rice Dean Canning. Rice was furthermore informed of Plaintiff's diagnosis through shared documented medical results, but refused to reinstate him, and further withheld payment for work assigned and completed during period of employment in July in violation of both the ADA and Rice's contractual obligations.

The cumulative effect of Rice's actions—including its discrimination around a same-sex partner hire, denial of equal professional opportunities routinely granted to heterosexual faculty, failure to follow its own resignation policy, and ensuing retaliatory action—created intolerable working conditions that meet the EEOC definition of constructive discharge, even if the wrongful termination had not occurred, and Plaintiff thus seeks reinstatement.

### Timeliness of Claims and Equitable Tolling

While EEOC notes that certain claims may appear untimely under the standard EEOC filing deadlines, Plaintiff respectfully invokes the doctrine of equitable tolling due to:

1. A good-faith filing in the wrong forum;
2. A documented and serious medical condition affecting his capacity to pursue legal action;
3. EEOC processing delays; and
4. Ongoing discriminatory treatment and resulting harm inflicted by Rice University.

First, Plaintiff initially attempted to pursue these claims through other official channels in good faith, including internal grievance procedures and state-level forums. Second, during critical months of the limitations period, Plaintiff was experiencing physical and mental

symptoms related to a potential Parkinson's Disease diagnosis, impairing his ability to engage with the legal process. Third, EEOC delays in processing Plaintiff's intake and issuing a Notice of Right to Sue further contributed to procedural setbacks beyond his control.

Finally, Plaintiff continues to suffer the ongoing effects of Rice's discriminatory conduct, including personal, professional, and financial harm, reputational damage, and denial of reinstatement and fair redress. These continuing harms support equitable tolling and, in ways, the continuing violation doctrine, as the effects of Rice's conduct have not ceased.

Therefore, Plaintiff respectfully requests that the Court deem all claims timely under equitable tolling principles recognized by the Fifth Circuit and applicable federal law.

### Causes of Action

Count I – Discrimination and Retaliation in Violation of Title VII (Sexual Orientation)

Rice University denied Plaintiff fair and equal treatment and opportunities after he disclosed his sexual orientation, including denying a same-sex partner hire, delaying start accommodations, and use of granted course release, plus other benefits routinely afforded to heterosexual peers. These actions were discriminatory and retaliatory under Title VII.

Count II – Violation of the Americans with Disabilities Act (ADA)

Rice University violated the ADA by acting in discriminatory and retaliatory manner after Plaintiff disclosed medical notice following diagnosis of potential disability (Parkinson's Disease), denying reinstatement after wrongful termination, and withholding all payment for work done. Rice's conduct constitutes willful discrimination on the basis of disability.

Count III – Breach of Contract (Rice Policy 201 and Offer Letter)

Rice breached its contractual obligations to Plaintiff by failing to follow Policy 201 IV., 5.c., misclassifying his departure as resignation despite the lack of required written notice to Provost, and failing to compensate him for work completed. Plaintiff lost hundreds of thousands of dollars, years towards tenure, benefits, and suffered significant damage.

Count IV – Potential Constructive Discharge

To the extent that Rice does not acknowledge that Plaintiff was wrongfully terminated, Plaintiff then asserts that discriminatory working conditions created by Rice rendered his continued employment intolerable and constitute constructive discharge under federal law.

### Relief Requested
Plaintiff seeks the following relief:

- Reinstatement to his former position

- Punitive damages for willful discrimination
- Damages for mental anguish and emotional distress
- Back pay and compensatory damages
- Damages for loss of and reduced salary, benefits, and retirement accrual
- Damages for loss of professional opportunities, tenure-track clock time, career advancement
- Damages for reputational harm and jeopardizing future job prospects and academic standing
- Damages for tax salary differential and future earning differential
- Costs, including reasonable attorneys' fees if later retained
- Any other relief this Court deems just and proper

Respectfully submitted,

*Adam Schoene*

Adam Schoene

Pro Se Plaintiff

Email: adam.schoene@gmail.com

Phone: (978) 387-6111

Address:

913 N. Cayuga Street

Ithaca, NY 14850

Align top of FedEx Express® shipping label here.

ORIGIN ID:ITHA (978) 387-6111
ADAM SCHOENE
913 N CAYUGA ST
APT 2
ITHACA, NY 14850
UNITED STATES US

SHIP DATE: 05JUN25
ACTWGT: 0.25 LB
CAD: 6571680/RDSA2630

TO  ATTN US DISTRICT CLERK'S OFFICE
    BOB CASEY COURT HOUSE
    515 RUSK ST

**HOUSTON TX 77002**
(555) 555-5555        REF:
INV:
PO:                   DEPT:



FedEx
Express

E

TRK# 8818 0291 3770        FRI - 06 JUN 10:30A
0201                        PRIORITY OVERNIGHT

XA EIXA                     77002
                            TX-US    IAH