UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States Courts
Southern District of Texas
F I L E D

JUN 1 1 2025

Nathan Ochsner, Clerk of Court

PLAINTIFF X,

   Plaintiff,

v.

RICE UNIVERSITY,

   Defendant.

Civil Action No. 4:25-cv-02632

## PLAINTIFF'S MOTION TO PROCEED UNDER A PSEUDONYM, TO SEAL IDENTIFYING INFORMATION, AND TO AUTHORIZE REDACTIONS POST-FILING

1. Pursuant to Federal Rule of Civil Procedure 10(a) and General Order 2004-11 and the Court's inherent powers, Plaintiff respectfully moves for leave to proceed under the pseudonym "Plaintiff X" and to file under seal any documents or exhibits containing Plaintiff's personally identifying information, including name, full address, full date of birth, contact information, medical records, and other sensitive data. Plaintiff further requests that complaint and all related documents containing Plaintiff's identifying information be filed under seal immediately and remain sealed pending Court's decision on this motion. Additionally, Plaintiff requests that, after filing and once the Court has ruled, any public versions of documents that contain personally identifying information may be redacted to protect Plaintiff's privacy.

I. INTRODUCTION

2. Plaintiff brings action against Rice University for discriminatory conduct in employment, failure to provide equal opportunity, and wrongful termination.

3. Because this matter involves highly sensitive personal and medical information of vulnerable classes, and public disclosure of Plaintiff's identity would risk substantial harm to Plaintiff's safety, privacy, health, and reputation, Plaintiff respectfully requests permission to proceed pseudonymously, to seal identifying information, and to redact such information from public filings after they are submitted.

## II. LEGAL STANDARD

4. Courts have discretion to allow plaintiffs to proceed under pseudonym in cases involving matters of a highly sensitive and personal nature, and they also have broad discretion to seal documents to protect parties from unnecessary harm.

5. In evaluating whether to allow pseudonymity, sealing, or redaction, courts routinely consider:
- Whether the Plaintiff is particularly vulnerable to harm from disclosure;
- Whether the case involves sensitive issues such as safety, physical and mental health, sexuality, disability, and medical conditions and treatment;
- Whether there is a risk of harm, social stigma, and reputational damage;
- Whether the public interest in disclosure outweighs the need for privacy.

## III. ARGUMENT

### A. Plaintiff's Identity Should Be Protected Through Pseudonymity

6. Plaintiff's complaint is focused on discrimination related to positionality across multiple marginalized and vulnerable communities, so pseudonymity is needed to protect highly sensitive personal and confidential medical information which could cause harm if publicly revealed. Release of information to public could lead to amplified physical, mental, and professional harm to Plaintiff, and stigmatization. Disclosure of Plaintiff's identity to public risks privacy, safety, and serious health consequences as case implicates medical diagnosis, as well as personal issues of both sexuality and disability. These factors strongly favor pseudonym protection.

### B. No Prejudice Will Result From Use of a Pseudonym

7. Plaintiff is willing to disclose their identity to the Court and to Defendant's counsel under seal and subject to appropriate confidentiality protections. Defendant will not be prejudiced in its ability to prepare a defense, whereas Plaintiff will be deterred without pseudonymity.

### C. Sealing and Redaction Are Narrowly Tailored to Protect Privacy Interests

8. Plaintiff seeks only to seal and redact:

1. Plaintiff's full name, address, date of birth, and contact information from public filings;
2. Exhibits or declarations containing medical or similarly sensitive material;
3. Any docket references to Plaintiff's identity pending the Court's ruling on this motion;
4. Any identifying information from public versions of filings after submitted, as necessary.

9. This request is narrowly tailored and consistent with both precedent and public interest in protecting the rights of vulnerable litigants.

## IV. CONCLUSION

10. For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Grant Plaintiff leave to proceed under the pseudonym "Plaintiff X" in all public filings and docket entries;
2. Require that all filings containing Plaintiff's identifying information be submitted under seal immediately and remain sealed pending the Court's decision on this motion;
3. Permit Plaintiff to file identifying and sensitive documents under seal;
4. Authorize Plaintiff to redact personally identifying information from public versions of filings post-filing once the Court has ruled;
5. Direct that the Clerk of Court seal any portion of the docket currently containing Plaintiff's real name until further order;
6. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: June 10, 2025

Plaintiff X


FOR REDACTION:

*Adam Schoene*
Adam Schoene
913 N Cayuga St.
Ithaca, NY 14850
(978) 387-6111
Pro Se Plaintiff