IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ADAM SCHOENE,

    Plaintiff,

v.

RICE UNIVERSITY,

    Defendant.

United States Courts
Southern District of Texas
FILED

OCT 14 2025

Nathan Ochsner, Clerk of Court

CIVIL ACTION 4:25-cv-02632

## RESPONSE TO DEFENDANT'S MOTION TO DISMISS

### I. OPPOSITION TO DEFENDANT'S RULE 12(B)(6) MOTION TO DISMISS

The motion to dismiss filed by Defendant William Marsh Rice University ("Rice") should be denied because Rice fails to adhere to the terms of its own resignation policy, as cited in its offer to Plaintiff, and fails to acknowledge Plaintiff's consistent and timely efforts to pursue both informal and formal resolution of the discrimination claim.

1

## II. ARGUMENT

### A. Plaintiff's Title VII and ADA Claims Are Not Barred by the Statute of Limitations

Rice asserts that Plaintiff's EEOC charge was untimely and filed more than 300 days after date Rice characterizes as resignation. This argument fails for two reasons.

First, there is a genuine dispute as to the date for the statute of limitations. As explained below, under Rice's own policies, no valid resignation ever occurred since Plaintiff did not send written notice to Rice University Provost as outlined under Rice Policy 201, IV., 5.c. Moreover, Rice continued its discriminatory conduct thereafter by refusing to engage with the Plaintiff's repeated efforts to resolve the matter informally.

Second, Plaintiff's claims are subject to equitable tolling and the continuing violation doctrine. Plaintiff sought informal resolution with Rice consistently over the course of the year and initiated joint EEOC and Texas Workforce Commission filing on May 8, 2024, which falls fully within the 300-day period that Rice relies upon. (Ex. 1.)

These disputes make clear that the alleged untimeliness is not apparent on the face of the complaint, and thus dismissal on statute of limitations grounds is improper.

### B. Plaintiff Did Not Unequivocally Resign as Alleged Resignation Did Not Comply with Rice's Own Policies

Rice relies on Plaintiff's email to the Dean and Department Chair as proof of an unequivocal resignation, but Rice's own Resignation Process Policy (Policy 201, IV., 5.c.), which was incorporated directly into the contractual relationship, provides:

> "**A faculty member who intends to resign should submit a written notification to the provost with a copy to the dean and department chair** of their intention no later than thirty days before the intended resignation date, or within thirty days of having received written notice of the terms of reappointment, whichever comes later."
>
> — Rice University Policy 201, IV., 5.c. (https://policy.rice.edu/201)

Plaintiff never submitted resignation to Provost, who is situated as central in the process, with dean and department chair noted merely to be copied. As this contractual resignation procedure was not followed, no valid resignation occurred under Rice's own policy. Rice's assertion of an "unequivocal resignation" is therefore incorrect and, at minimum, raises factual disputes unsuitable for resolution at the Rule 12(b)(6) stage.

## C. Rice's Discriminatory Treatment Undermines Its Characterization of Events

Rice's motion omits the discriminatory context surrounding the alleged resignation:

- The Dean denied Plaintiff's partner hire inquiry in an unusual manner on what appears to be discriminatory grounds shortly after the identity of his partner was revealed, even though the Dean herself, the Provost, and others entering tenure-track roles with the Plaintiff's experience at Rice and beyond received such hires.
- The Dean denied the Plaintiff's request for use of his course release that was expressly included in his offer letter while granting the very same release to another colleague starting in the same department at the same time and rank.
- The Dean infringed upon the Plaintiff's rights by claiming the Plaintiff's use of summer free time off contract to pursue study was incompatible with the position.

3

These facts support Plaintiff's claims of discriminatory treatment, as well as constructive discharge if it is deemed Plaintiff resigned. Whether Plaintiff's departure was voluntary or coerced is a fact-intensive inquiry that cannot be resolved on a motion to dismiss.

### D. Plaintiff Has Plausibly Alleged Breach of Contract or Should Be Granted Leave to Amend

Rice argues that Plaintiff's breach of contract claim fails because Rice owed no obligations after the alleged resignation. This argument fails because (1) the resignation was not valid under Policy 201; (2) Rice breached contractual obligations prior to the alleged resignation, including by failing to honor terms in the offer letter and by discriminating on partner hire; and (3) Plaintiff has alleged sufficient facts to support breach, or at a minimum should be permitted to amend to clarify those allegations.

### E. Leave to Amend

If the Court identifies pleading deficiencies, Plaintiff respectfully requests leave to amend under Rule 15(a)(2), which provides leave be freely given if justice so requires.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss. Alternatively, should the Court find any deficiencies in the pleadings, Plaintiff requests leave to amend his complaint.

4

Respectfully submitted,

/s/ Adam Schoene
Adam Schoene
913 North Cayuga Street, Apt. 2
Ithaca, NY 14850
Email: adam.schoene@gmail.com
Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2025, I served a true and correct copy of this Opposition on counsel for Defendant Rice University via email to follow by mail.

/s/ Adam Schoene
Adam Schoene