United States District Court
Southern District of Texas
**ENTERED**
January 09, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADAM SCHOENE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-02632 |
| | § | |
| RICE UNIVERSITY, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM AND ORDER**

**I.**

Before the Court are the defendant's, Rice University, motion to dismiss the plaintiff's, Adam Shoene, lawsuit [DE 13], the plaintiff's response [DE 16] and the University's reply [DE 17]. After a careful review of the motion, response, pleadings and reply, the Court determines that the University's motion to dismiss should be granted.

**II.**

The plaintiff entered into an employment agreement with Rice University. On or about July 13, 2023, he tendered a letter of resignation to the Dean and Department Chair of the University. Apparently, the plaintiff had second thoughts and sought to be rehired on or about July 31, 2023. On or about August 1, 2023, the University notified the plaintiff that he would not be rehired.

The plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") in 2024. However, the EEOC determined that the time for filing a charge commenced on or about August 1, 2023, and ended, 300 days later on May 27, 2024. The record

shows that the plaintiff filed his charge with the EEOC on August 17, 2024. The EEOC, therefore, dismissed the plaintiff's charge as untimely and issued a formal notice. These facts are undisputed.

### III.

In his response to the University's motion to dismiss, the plaintiff asserts that the period for filing his charge should be "tolled" in light of the fact that he made timely contact with the EEOC, although, admittedly he did not file his charge within the 300-day window. The plaintiff also argues that because he sought to informally resolve this matter with the University, the time for filing his charge should be tolled during that period. In addition, he argues, the matter is not time barred because the University's conduct constituted a "continuing violation" under that doctrine. Next, the plaintiff asserts that he did not actually or formally resign because the University policy requires that resignation letters to be served on the University Provost, which he did not do. Lastly, the plaintiff asserts claims that the University breached its contract with him by failing to acknowledge his potential illness, and because its failure to hire his partner as had been done with other candidates.

### IV.

The plaintiff's claims, that he was discriminated against, that the University breached its contact to hire his partner, that the time to file his EEOC charge should be equitably tolled and that he "might" have been disabled or was on the threshold of a disability do not toll his obligation to file his EEOC charge within 300 days of the offending events. The case law is clear, an aggrieved party must file his charge within 300 days of the offending event in order to avoid the Statute of Limitations. *See Davis v. Fort Bend Cnty.,* 893 F.3d 300, 307 (5th Cir. 2018). The plaintiff failed to timely file a charge.

The face of the documents relied upon by the plaintiff also reveal that his sexual orientation discrimination claim under Title VII of the Civil Rights Act of 1964 as well as his "potential disability discrimination" claims under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et. seq.* are barred as well.

It is, therefore, Ordered that the plaintiff's lawsuit is Dismissed with Prejudice in its entirety.

It is so ORDERED.

SIGNED on January 9, 2026, at Houston, Texas.

                                                Kenneth M. Hoyt
                                                United States District Judge